IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GREGORY S HOPKINS                                          PLAINTIFF

VS.                                    CIVIL ACTION NO. 1:16cv359-HSO-FKB

CLIFTON KAHO, WARDEN                             DEFENDANT

## **REPORT AND RECOMMENDATION**

Gregory S. Hopkins is a state prisoner who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as untimely. Having considered the motion, response, reply, and sur-reply, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Hopkins was convicted in the Circuit Court of Harrison County, Mississippi, of possession of cocaine with intent to distribute. He was sentenced to 12 years as a habitual offender. The Mississippi Supreme Court affirmed Hopkins' conviction and sentence on May 1, 2014. His petition for rehearing was denied on July 17, 2014. He filed no petition for writ of certiorari to the United States Supreme Court. On April 27, 2015, Hopkins filed with the Mississippi Supreme Court an application for leave to seek post-conviction relief. The application was denied on October 8, 2015. Hopkins' § 2254 petition was filed with this court on or after September 28, 2016.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

---

[1] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401, 196 F.3d 1259 (5th Cir. 1999). Hopkins' petition was signed on September 28, 2016, and it was received by the Court on October 11, 2016. Thus, it was filed sometime between these dates.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Hopkins did not petition the United States Supreme Court for a writ of certiorari, his judgment became final when his ninety-day period for doing so expired, *i.e.*, on October 15, 2014 (90 days after denial of the petition for rehearing). See *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired.") Hopkins had one year from that date, or until October 15, 2015, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2) for

any period during which a properly-filed motion for post-conviction relief was pending in the state court. Under § 2244(d)(2), Hopkins is entitled to 165 days of statutory tolling for the time period during which his state court post-conviction action was pending (April 27, 2015 through October 8, 2015). Thus, his one year expired on March 28, 2016 (one year from October 15, 2014, plus 165 days), and his federal petition, filed on or after September 28, 2016, is untimely.

Hopkins argues, however, that he is entitled to the benefits of either equitable tolling or statutory tolling pursuant to § 2244(d)(1)(B). He states that he was transferred several times by MDOC and that this interfered with his ability to file for habeas relief. Neither of these arguments is sufficient to allow Hopkins to bypass the one-year bar.

In order to avail himself of the doctrine of equitable tolling, William must show that in spite of diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). To the extent that he claims that he was ignorant of the limitations period, ignorance of the law does not warrant equitable tolling. See *Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000). As to his multiple transfers, he has failed to specify how they prevented him from timely filing his petition. Moreover, given his claim that he was unaware of the limitations period, it is difficult to imagine how his movement among various facilities contributed to his failure to file. His attempt to characterize these transfers as a state-created impediment under § 2244(d)(1)(B) likewise fails because of his failure to show that the transfers impeded the timely filing of his petition.

Finally, Hopkins asserts that he is entitled to equitable tolling because he is actually innocent of the crime of conviction. The standard for making a showing of actual innocence such that a late petition will be considered is "demanding." *McQuiggin v. Perkins*, 133 S.Ct. 1925, 1936 (2013). The actual innocence exception applies only to that very limited number of cases in which newly discovered evidence indicates that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id*. at 1933 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Hopkins' statements concerning his innocence consist solely of legal arguments, primarily a challenge to the sufficiency of the evidence. He has identified no newly-discovered evidence and has wholly failed to meet the standard for equitable tolling based upon actual innocence.

The undersigned concludes that Hopkins' petition is untimely and that no exception is applicable. Accordingly, it is recommended that the motion to dismiss be granted and the petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 18th day of May, 2017.

                                                s/ F. Keith Ball
                                                United States Magistrate Judge